TPM/mll                  06292-68410                  647677

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MILLROCK TECHNOLOGY INC.,

                         Petitioner,

      - against -                              Civil Action No.: 1:18-cv-666 (GTS)

PIXAR BIO CORPORATION,

                         Respondent.
-------------------------------------------------------------------X

### PETITION ON MOTION FOR AN ORDER CONFIRMING ARBITRATION AWARD AND ENTRY OF JUDGMENT

Petitioner, MILLROCK TECHNOLOGY INC., by this Petition on Motion and Summary Proceeding seeks to confirm arbitration award and entry of judgment thereon alleging as follows:

### THE PARTIES AND JURISDICTION

1.     The petitioner, MILLROCK TECHNOLOGY INC. ("MILLROCK" or "Petitioner"), is a duly organized New York corporation with a principal place of business at 39 Kieffer Lane, Kingston, NY 12401.

2.     MILLROCK is a manufacturer and supplier of commercial freeze dryers and freeze drying systems customized for the pharmaceutical/biotechnology market.

3.     Respondent PIXAR BIO CORPORATION ("PIXAR BIO" or "Respondent") is a foreign or domestic corporation with last known addresses of 2200 Fletcher Avenue, Suite 301, Fort Lee, NJ 07024 and 8B Industrial Way, Suite 1, Salem, NH 03079.

4.     PIXAR BIO is, upon information and belief, a specialty pharmaceutical/biotechnology company focused on pre-clinical and commercial development of neurological drug delivery systems for

post-operative pain.

5.  This court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(2) in that the petitioner and respondent are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6.  Venue is proper in this court pursuant to 9 U.S.C.A. § 9, in that the arbitration award that is the subject of this petition was rendered in Kingston, New York which is located in this district.

## BACKGROUND FACTS AND PETITION

7.  In the Fall of 2016, PIXAR BIO contacted MILLROCK for the purpose of discussing MILLROCK manufacturing two (2) state of the art Quanta 12XSS503 Freeze Dryers for PIXAR BIO. On November 15, 2016, MILLROCK provided PIXAR BIO with a proposal for the manufacture and sale of the freeze dryers.

8.  The proposed price per unit was $360,702.00, for a total purchase price of $721,404.00.

9.  On November 17, 2016, PIXAR BIO transmitted its signed Purchase Order to MILLROCK for the agreed purchase price of $721,404.00.

10. On November 18, 2016, MILLROCK issued Sales Order Acknowledgments and Invoices #6203 and #6204, one for each ordered unit, which required 50% of the invoice amount be paid upon placement of the order, or $180,351.00 for each ordered unit. The Sales Order Acknowledgments include a specific reference to Millrock General Terms and Conditions which MILLROCK provided to PIXAR BIO.

11. The invoices, Sales Order Acknowledgments and General Terms and Conditions were retained by PIXAR BIO without objection or modification of any kind.

12. Thereafter, MILLROCK proceeded in good faith and began the production process and ordered custom components to build PIXAR BIO's equipment.

TPM/mll                                    06292-68410                              647677

13. While making every effort to accommodate PIXAR BIO, PIXAR BIO did not pay the required down payment of $360,702.00.

14. MILLROCK made repeated requests for payment.

15. PIXAR BIO made repeated promises of payment, including offering a personal guarantee by Frank Reynolds, CEO of PIXAR BIO, that MILLROCK would be paid, inducing MILLROCK to continue to work.

16. Based on these assurances, and to its ultimate detriment, MILLROCK's work on the freeze dryer units continued until May of 2017, when it became clear payment would not be made.

17. When payment was not forthcoming, in accordance with Section 16 of the General Terms and Conditions of Sale, MILLROCK, by its counsel, sent a letter to Mr. Reynolds and Mary Phelan, PIXAR BIO's Comptroller, advising of PIXAR BIO's default in payment and demanding payment of the unpaid invoice amount of $360,702.00. There was no response.

18. A second letter from MILLROCK's counsel was sent to PIXAR BIO, again indicating that they were in breach of their contract for failing to pay as agreed and advising that, in accordance with the General Terms and Conditions, the matter would be submitted to arbitration unless payment was received. Again, no payment was received.

19. On September 8, 2017, MILLROCK commenced an arbitration proceeding before the American Arbitration Association ("AAA") against PIXAR BIO, AAA Case No. 01-17-0005-5522 (the "Arbitration"). MILLROCK's Demand for Arbitration is attached as Exhibit "A". The Demand for Arbitration sought monetary damages for PIXAR BIO's breach of the contract between the parties.

20. The AAA appointed Perry Dean Freedman, Esq. as the arbitrator in the Arbitration.

21. On March 14, 2018, Arbitrator Freedman conducted an evidentiary hearing with testimony taken under oath.

TPM/mll       06292-68410       647677

22. On April 4, 2018, MILLROCK submitted its post-hearing submission to the Arbitrator.

23. On April 19, 2018, Arbitrator Freedman issued an arbitration award in favor of MILLROCK and against Defendant PIXAR BIO in the amount of $360,702.00, with interest at 9% per annum from November 15, 2016, until paid, plus attorneys' fees, costs and disbursements of $30,906.75, plus AAA filing fees of $8,075.00 ("Arbitration Award"). The Arbitration Award is attached as Exhibit "B".

24. As of April 18, 2018, the total amount of the Arbitration Award was $360,702.00, plus interest at 9% per annum from November 15, 2016 ($88.94/ per day x 520 days) in the amount of $46,248.80, plus attorneys' fees, costs and disbursements of $30,906.75, plus AAA costs of $8,075.00, for a total award of $445,932.55, with interest continuing to accrue at the rate of $88.94 per day.

25. MILLROCK petitions this court to confirm the Arbitration Award as a valid and final arbitration award pursuant to 9 U.S.C.A. § 9, in the total amount of $445,932.55, as of April 19, 2018, plus interest at the rate of 9.0% per annum until the judgment is paid.

26. This Petition to confirm the arbitration award is brought within one year after the delivery of the Award to the parties and the Award has not been vacated or modified on any ground.

27. Pursuant to the Federal Arbitration Act, 9 U.S.C. §9, this Court must grant an order confirming the arbitration award unless it is vacated, modified or corrected, as the FAA presumes that arbitration awards will be confirmed, and allows a court to vacate an award only on very narrow grounds, such as fraud, partiality of the arbitrators, arbitrator misconduct, or where the arbitrators exceeded their powers. None of these grounds is present here.

28. No previous application has been made for the relief requested herein.

WHEREFORE, pursuant to 9 U.S.C. §9, Petitioner respectfully requests that an order and judgment be entered herein:

TPM/mll                    06292-68410                    647677

    (a)    Confirming the Arbitration Award in favor of Petitioner and against Respondent PIXAR BIO CORPORATION in the amount of $445,932.55, with interest from April 19, 2018 at the rate of 9% per annum until paid;

    (b)    Awarding such further and different relief as this Court may deem just and proper.

Dated: New Windsor, New York
       May _1_, 2018

                                             DRAKE LOEB PLLC

                         By: _____
                             TIMOTHY P. McELDUFF, JR. (TM-5230)
                             *Attorneys for Petitioner*
                             555 Hudson Valley Avenue, Suite 100
                             New Windsor, New York 12553
                             Tel. No.: 845-561-0550

TPM/mll                          06292-68410                          647677

## VERIFICATION

The undersigned, an attorney admitted to practice in the State and Federal Courts of the State of New York, states that deponent is a member of the firm of Drake Loeb PLLC, attorneys for Petitioner, MILLROCK TECHNOLOGY, INC. in the above action; that deponent has read the foregoing Petition to confirm Arbitration Award and for Entry of Judgment and knows the contents thereof; that the same is true to deponent's knowledge, except as to those matters therein alleged to be stated upon information and belief, and as to those matters, deponent believes it to be true. This verification is made by deponent and not by Petitioner as Petitioner does not reside or have an office or place of business in the county where your deponent maintains offices for the practice of law.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: A review of the file in your deponent's office. The undersigned affirms that the foregoing statements are true, under penalties of perjury.

_____
TIMOTHY P. McELDUFF, JR.
Fed. Bar Roll No. 475933

Sworn to before me this
_1st_ day of _May_, 2018.

_____
Notary Public
State of New York

MARIAN L. THOMPSON
Notary Public, State of New York
Qualified in Ulster County
Reg. # 01TH6209932
Commission Expires August 3, 20_21_