UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILLROCK TECHNOLOGY INC.,

                         Petitioner,

v.                                                                                              1:18-CV-0666
                                                                                                (GTS)

PIXAR BIO CORPORATION,

                         Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

DRAKE LOEB PLLC                               TIMOTHY P. McELDUFF, JR., ESQ.
  Counsel for Petitioner
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this arbitration action by Millrock Technology, Inc. ("Petitioner") against Pixar Bio Corporation ("Respondentt"), is Petitioner's motion, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award rendered by an arbitrator of the American Arbitration Association ("AAA") on April 19, 2018, against Respondent. (Dkt. No. 1.) For the reasons set forth below, Petitioner's motion is granted and the award is confirmed.

**I.     RELEVANT BACKGROUND**

     **A.     Relevant Factual History**

       On September 8, 2017, Petitioner commenced an arbitration proceeding before the AAA against Respondent regarding a breach of contract related to a purchase agreement in which

Petitioner agreed to build two custom freeze dryer units for Respondent in exchange for a total purchase price of $721,404.00. (Dkt. No. 1.) On April 19, 2018, Petitioners obtained from AAA arbitrator Perry Dean Freedman an arbitration award in the amount of three hundred sixty thousand seven hundred and two dollars ($360,702.00) in contractual damages plus interest at the statutory rate of 9% per annum from November 15, 2016, until payment, as well as thirty thousand nine hundred and six dollars and seventy five cents ($30,906.75) in reasonable attorneys' fees, costs and disbursements, and eight thousand and seventy five dollars ($8,075.00) to reimburse Petitioner for administrative fees previously incurred and paid by Petitioner related to the arbitration. (Dkt. No. 1, Attach. 2.)

On June 6, 2018, Petitioner commenced the current action. (Dkt. No. 1.) On July 19, 2018, Petitioner personally served on Respondent's registered agent a copy of its initiating motion to confirm the arbitration award in this action and the Court's Scheduling Order regarding that motion. (Dkt. No. 3.) On August 29, 2018, the Court *sua sponte* extended the deadline for Respondent to file a response to Petitioner's motion until September 12, 2018, and advised Respondent that its failure to file a response to the motion by that date might result in a judgment being entered against it; the Court served a copy of this Text Order upon Respondent via regular mail at two different addresses, including the one at which Respondent had previously received personal service. (Dkt. No. 4 [Text Order filed 8/29/2018].) Despite having received notice of this action and warning about the consequences of failing to file a response, Respondent has not filed a response or even made an appearance in this action as of the date of this Decision and Order. (*See generally* Docket Sheet.)

C.  **Parties' Arguments on Respondent's Motion**

Generally, in its motion seeking an order confirming the arbitration award, Petitioner argues that this Court should issue an order confirming the arbitration award of April 19, 2018, as a valid and final arbitration award pursuant to 9 U.S.C. § 9, arguing that none of the grounds for allowing a court to vacate an arbitration award are present in this case. (Dkt. No. 1, at ¶¶ 25-27.) Specifically, Petitioner requests that the Court enter an order and judgment (a) confirming the arbitration award in favor of Petitioner and against Respondent in the amount of four hundred forty five thousand nine hundred thirty two dollars and fifty five cents ($445,932.55) with interest from April 19, 2018, at the rate of 9% per annum until paid.[1] (*Id.* at ¶ 28.)

## II.  GOVERNING LEGAL STANDARDS

A.  **Legal Standard Governing Review of Arbitration Award**

"The review of arbitration awards is generally governed by the FAA." *In re Arbitration Before New York Stock Exch., Inc.*, 04-CV-0488, 2004 WL 2072460, at *5 (S.D.N.Y. Sept. 8, 2004) (citing *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 201 [2d Cir.1998], *cert. denied*, 526 U.S. 1034 [1999]). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997). "Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a federal court for an order confirming the award resulting from the arbitration, and the court 'must grant . . . an order [confirming the arbitration award] unless the award is vacated,

---

[1] The Court notes that, based on the amount of contractual damages listed in the arbitration award ($360,702.00) and the per annum interest rate (9%), the per diem interest rate is $88.94, as Petitioner states in its motion. (Dkt. No. 1, at ¶ 24.)

modified, or corrected as prescribed in sections 10 and 11 of this title.'" *In re Arbitration Before New York Stock Exch., Inc.*, 2004 WL 2072460, at *5 (quoting 9 U.S.C. § 9).

"The Court of Appeals for the Second Circuit 'adhere[s] firmly to the proposition . . . that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id*. (quoting *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 [2d Cir.1992]).

> The FAA provides that an arbitration award may be vacated: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id*. at *5-6 (quoting 9 U.S.C. § 10[a]).

"The burden of establishing the existence of one of the grounds for vacatur rests with the party seeking that form of statutory relief." *Id*. at *6 (citing, *inter alia*, *Willemijn Houdstermaatschappij*, 103 F.3d at 12).

"In addition to the statutory grounds stated in the FAA, the Second Circuit has recognized that an arbitration award may be vacated 'if it is in manifest disregard of the law.'" *Id*. (quoting *Halligan*, 148 F.3d at 202). "Manifest disregard clearly means more than error or misunderstanding with respect to the law." *Id*. "To vacate an arbitration award on the grounds of manifest disregard of the law, 'a reviewing court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.' " *Id*. (quoting

*Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir.2000). "Where there is a 'colorable justification' or a 'rational basis' for an award, it is not in 'manifest disregard of the law.'" *Id*. "Review of arbitration awards for manifest disregard is 'severely limited.'" *Id*.

> B. **Legal Standard Governing a Party's Failure to Appear in an Action to Confirm an Arbitration Award**

"When a respondent fails to appear, a petition to confirm an arbitration award and any accompanying submissions are 'treated as akin to [an] unopposed motion for summary judgment.'" *New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc.*, 07-CV-2583, 2007 WL 3407065, at *1 (S.D.N.Y. Nov. 14, 2007) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 [2d Cir. 2006]).[2] Generally, when a party fails to respond to a motion for summary judgment, the movant's burden on the motion is lightened such that, in order to succeed, it need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

### III. ANALYSIS

After carefully considering the matter, the Court finds that the arbitration award should be confirmed for the reasons stated by Petitioner in its motion papers. (Dkt. No. 1.) For those reasons, the Court would add only the following analysis.

---

[2] "Even where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than merely entering a default judgment." *Travel Wizard v. Clipper Cruise Lines*, 06-CV-2074, 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007).

5

The Court finds that Petitioner has met its modest threshold burden on its unopposed motion based on a careful review of the record in this action. More specifically, the Court finds that there is, at the very least, a colorable justification for the outcome reached and no evidence of fraud, partiality or corruption on the part of the arbitrator, arbitrator misconduct, overreach of powers, or manifest disregard of the law. The Court therefore finds no grounds to vacate the award.

Having said that, although the Court generally agrees with Petitioner's calculations as presented in its motion, the Court declines to award to Petitioner its requested aggregate sum of $445,932.55 plus interest because the Court does not believe that such aggregation is consistent with the arbitration award. (Dkt. No. 1, at ¶ 28.) In particular, Petitioner requests that the Court grant a judgment in the amount of "$445,932.55, with interest from April 19, 2018, at the rate of 9% per annum until paid." (*Id.*) This total is the sum of (a) the damages granted in the arbitration award, plus interest from November 15, 2016, through April 19, 2018, (b) the attorneys' fees, costs and disbursements, and (c) the amount of reimbursement for the arbitration fees. However, the arbitration award does not specifically indicate that the fee amounts are subject to interest; rather, a grant of interest is mentioned only in relation to the contractual damages. (Dkt. No. 1, Attach. 2.) The Court therefore does not find it appropriate (or consistent with the arbitration award) to aggregate these different awards into one total award, which would essentially result in Petitioner collecting interest on the amount of the fees as well as the amount of the contractual damages.[3] Rather, the Court issues a judgment consistent with the terms of the arbitration award.

---

[3] The Court also notes that it is problematic to include the amount of interest accrued between November 15, 2016, and April 19, 2018, as part of this amount, because the interest granted in the arbitration award is based on the amount of contractual damages; there is no indication that the arbitration award also intended to grant interest on the accrued interest.

**ACCORDINGLY,** it is

**ORDERED** that Petitioner's motion to confirm the arbitration award (Dkt. No. 1) is **GRANTED**; and it is further

**ORDERED** that the Arbitration Award (Dkt. No. 1, Attach. 2) is **CONFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount **of THREE HUNDRED SIXTY THOUSAND SEVEN HUNDRED AND TWO DOLLARS ($360,702.00)**, plus interest at a rate of 9% per annum pursuant to the terms of the Award, from November 15, 2016, until payment, as well as in the amount of **THIRTY EIGHT THOUSAND NINE HUNDRED EIGHTY ONE DOLLARS AND SEVENTY FIVE CENTS ($38, 981.75)** for attorneys' fees, costs and disbursements and reimbursement for administrative fees related to the arbitration.

Dated: November 30, 2018
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge